```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                            BECKLEY
```

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                  **Case No. 5:97-cr-00021**

**PERREN O. AVERY,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending are the following motions: Defendant's Motions for the District Court to Revive a Procedural Component of the Due Process Clause (docket sheet documents ## 140 and 148), Defendant's Motion for Summary Judgment (# 142) and Defendant's Motion for Relief from Judgment or Order under Rule 60(b) of the Federal Rules of Civil Procedure (# 149). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and these motions are referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

On January 7, 1997, Defendant was charged in a criminal complaint with distribution of cocaine base. (# 1). On February 4, 1997, Defendant was indicted by a federal grand jury sitting in Charleston, West Virginia on one count of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), and one count of aiding

and abetting the possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (# 25).

On March 28, 1997, Defendant, by counsel, filed a "Motion for Exclusion of Audio Tape Recordings and Government's Transcript." (# 30). On April 1, 1997, a pre-trial motions hearing was held. Defendant's "Motion for Exclusion of Audio Tape Recordings and Government's Transcript" was addressed, but denied as moot because the parties represented that they would work out the dispute on their own. (# 69).[1]

On April 14, 1997, Defendant pled guilty (# 52), pursuant to a written plea agreement (# 53) to the distribution charge. On June 30, 1997, Defendant was sentenced to a term of imprisonment of 151 months, followed by a three-year term of supervised release. Defendant was also ordered to pay a $100 special assessment and to pay a fine of $2,000. A Judgment to that effect was entered on July 2, 1997. (# 58).

On July 8, 1997, Defendant filed a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit ("the Fourth Circuit"). (# 61). On March 30, 1998, the Fourth Circuit affirmed Defendant's conviction and sentence. (United States v. Avery, No. 97-4547, 1998 WL 141164 (4th Cir., Mar. 30, 1998). (# 79). On

---

[1] Due to a clerical error, on August 4, 1997, a Memorandum Opinion and Order (# 69) denying, inter alia, Defendant's "Motion for Exclusion of Audio Tape Recordings and Government's Transcript" was entered after Defendant's sentencing and after an appeal had been filed. (# 68).

October 5, 1998, the Supreme Court denied his petition for a writ of certiorari. (Letter dated October 5, 1998, # 84) <u>Avery v. United States</u>, 525 U.S. 884 (1998).

On January 21, 1999, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, which he subsequently moved to withdraw on January 29, 1999. (<u>Avery v. United States</u>, Case No. 5:99-cv-00045)(## 85, 88). On February 10, 1999, the presiding District Judge, Charles H. Haden II, granted Defendant's Motion to Withdraw and dismissed the first section 2255 motion without prejudice. (# 90).

On September 20, 1999, Defendant filed an "Amended Motion" under section 2255. (<u>Avery v. United States</u>, 5:99-cv-00834). (# 91). Following briefing by the parties, on June 2, 2000, the undersigned United States Magistrate Judge submitted a Proposed Findings and Recommendation ("PF&R") addressing the merits of each of the claims raised in Defendant's amended motion, and recommending that the presiding District Judge deny Defendant's amended section 2255 motion and his request for an evidentiary hearing. (# 102). After a period of time for objections, on July 6, 2000, the presiding District Judge adopted the undersigned's PF&R and denied Defendant's amended section 2255 motion. (# 105).

Although Defendant appealed the denial of his amended section 2255 motion to the Fourth Circuit, on or about November 8, 2000, the appeal was dismissed, based upon Defendant's motion for

voluntary dismissal.  (Avery v. United States, No. 00-7054).  (## 106, 116).

On December 11, 2000, Defendant filed a Motion for Modification or Reduction of Sentence pursuant to 18 U.S.C. § 3582.  (Avery v. United States, Case No. 5:00-cv-01167).  (# 117).  That motion was dismissed by the presiding District Judge on February 2, 2001.  (# 124).

On July 26, 2001, the Fourth Circuit denied Defendant's motion under 28 U.S.C. § 2244 for authorization to file a successive section 2255 motion.  (In re Perren O. Avery, No. 01-993).  (# 125).

On June 24, 2002, Defendant filed a motion for leave to file a successive section 2255 motion, and included his "amended section 2255 motion" (# 128), a request for an evidentiary hearing (# 129), and a motion for appointment of counsel (# 130).  (Avery v. United States, Case No. 5:02-cv-00890).  On February 26, 2003, the presiding District Judge denied that section 2255 motion and the related motions because the motion was an unauthorized successive petition for collateral relief.  (# 138).

Defendant again sought permission from the Fourth Circuit to file a successive section 2255 motion, but that request was denied on or about May 19, 2003.  (# 139).

On January 19, 2005, Defendant filed the first "Motion to Revive a Procedural Component of the Due Process Clause" (# 140).

4

On May 25, 2005, Defendant filed a "Motion for Summary Judgment" (# 142). On July 5, 2006, Defendant filed his second "Motion to Revive a Procedural Component of the Due Process Clause" (# 148). On August 7, 2006, Defendant filed a Rule 60(b) motion. (# 149).

## ANALYSIS

**A.  Rule 60(b) motion.**

Defendant's Rule 60(b) motion asserts two claims: (1) that Defendant was denied due process on his Motion for Exclusion of Audio Tape Recording and Government Transcripts; and (2) that Defendant is factually innocent of the predicate requirements for classification under section 1B1.3 of the United States Sentencing Guidelines (which governs relevant conduct). Defendant's motion states:

> Before proceeding to the merits of the petitioner's claims, there is a threshold issue that must be addressed: Is petitioner procedurally barred from raising these factually innocent claims pursuant to F.R. Civ. P 60(b) in the district court? An exception to the general rule should exist here, in that defense counsel for petitioner was reasonably unaware of the constitutional claim being raised in this Rule 60(b) motion before and after the time petitioner's direct appeal was timely filed. This is a situation where petitioner should not be lost in a procedural maze that calls into question the reliability of an adjudication of legal guilt, because petitioner['s] conviction is based on elements of a crime for which he can show he is conclusively innocent of. And based upon the foregoing, petitioner prays the District Court find favor and proceed to the merits of the petition before the Court.

(# 149 at 4).

Section 2255 of Title 28 of the United States Code provides that second or successive motions filed thereunder must be authorized by the court of appeals, in accordance with 28 U.S.C. § 2244(b)(3). Accordingly, this court lacks jurisdiction to consider a successive postconviction motion in the absence of the pre-filing authorization. <u>United States v. Winestock</u>, 340 F.3d 200, 205 (4th Cir. 2003). A simple allegation that there was a defect in the collateral review process is not sufficient to avoid the <u>Winestock</u> holding; the district courts must examine the Rule 60(b) motion to determine whether it is tantamount to a successive application. <u>Id.</u>, at 207.

Defendant has previously and unsuccessfully sought authorization from the Fourth Circuit to file a successive application for relief. Defendant's instant motion is a direct attack on his conviction; it does not assert that there were any defects in his collateral proceedings. Thus, the present motion is clearly an attempt to file a successive postconviction motion without obtaining authorization from the Fourth Circuit, as required by 28 U.S.C. § 2244(b)(3).

The undersigned proposes that the presiding district judge **FIND** that Defendant's Rule 60(b) motion is tantamount to a successive application for collateral review, and that this court lacks jurisdiction to consider it. Accordingly, it is respectfully **RECOMMENDED** that the Rule 60(b) motion (# 149) be dismissed for

lack of jurisdiction.

**B.   Defendant's other motions.**

Defendant has filed two motions entitled "Motion for the District Court to Revive a Procedural Component of the Due Process Clause" (hereinafter "Motion to Revive") (## 140 and 148), and a "Motion for Summary Judgment" (# 142), in which Defendant merely asks for judgment based upon the United States failure to respond to the first "Motion to Revive."

The court did not order the United States to respond to the Motions to Revive, so there is no basis for Defendant's Motion for Summary Judgment.  Moreover, to the extent that Defendant's Motions to Revive are asking the court to revisit his "Motion for Exclusion of Audio Tape Recordings and Government's Transcript," Defendant's motion was denied without prejudice as moot by the District Court at the pre-trial motions hearing.  Defendant then entered a voluntary guilty plea, thus, waiving any challenges to antecedent constitutional infirmities.  Tollett v. Henderson, 411 U.S. 258, 267 (1973).  Therefore, there is no basis for this court to revive the motion to exclude the audio tapes and transcript.  It is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's "Motions for the District Court to Revive a Procedural Component of the Due Process Clause" (## 140 and 148), and Defendant's "Motion for Summary Judgment" (# 142).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Johnston, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Defendant, Perren O. Avery, and to counsel of record.

    August 22, 2006
            Date

Mary E. Stanley
United States Magistrate Judge