IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                 CIVIL ACTION NO. 5:02-cv-00890
                                 (CRIMINAL ACTION NO. 5:97-cr-00021-1)

PERREN O. AVERY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court are a number of outstanding motions: Motion for the District Court to Revive a Procedural Component of the Due Process Clause [Dockets 140, 148];[1] Motion for Summary Judgment [Docket 142]; Letter-form Motion to Set Aside Judgment under Fed. R. Civ. P. 60(b)(6) [Docket 149]; Letter-form Motion to Extend Time to File [Docket 152]; and Motion for Withdrawal of Guilty Plea [Docket 155]. These motions arise from Perren Avery's (Movant) motion to file a second or successive motion for post-conviction relief under 28 U.S.C. § 2255, which was filed on June 24, 2002.

By Order entered on August 16, 2006, Movant's Motion for the District Court to Revive a Procedural Component of the Due Process Clause [Dockets 140, 148], Motion for Summary Judgment [Docket 142], and Motion to Set Aside Conviction under Fed. R. Civ. P. 60(b)(6) [Docket 149] were referred to United States Magistrate Judge Mary E. Stanley for submission of proposed

---

[1] Dockets 140 and 148 are identical and will be referred to collectively as "Motion to Revive."

findings and a recommendation ("PF&R"). Magistrate Judge Stanley filed her PF&R on August 22, 2006 [Docket 151]. In that filing, the magistrate judge recommended that this Court deny each of the referred motions.

Movant's Motion for Withdrawal of Guilty Plea [Docket 155] was filed after the magistrate judge's PF&R was entered and will be addressed separately.

This litigation has a complicated factual and procedural history, which is set forth in greater detail in the PF&R. (Docket 151.) In short, Movant was convicted of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) on April 14, 1997. He filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on January 21, 1999. In the ensuing years, Movant's § 2255 motion, and subsequent motion, were vigorously litigated at the district court level and on appeal. At the time the instant action was filed in 2002, Movant was a prisoner in custody at F.C.I. Allenwood in Whitedeer, Pennsylvania. He was released from custody on December 21, 2007 and is currently serving a term of supervised release.[2]

## I. *STANDARD OF REVIEW*

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see also Page v. Lee*, 337

---

[2] "A prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion." *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

F.3d 411 (4th Cir. 2003); *Johnson v Zema Sys. Corp.*, 170 F.3d 734 (7th Cir. 1999) (if party fails to object to magistrate judge's PF&R in district court, she waives appellate review of both factual and legal questions; if party objects in district court on some issues and not others, she waives appellate review of issues to which she has not objected).

Here, objections to Magistrate Judge Stanley's PF&R were due by September 11, 2006. On August 31, 2006, Movant moved for additional time to file objections, to which the United States did not object. For good cause shown, Movant's motion for additional time to file objections [Docket 152] is **GRANTED**, and his objections filed on September 26, 2006 [Docket 153], are deemed timely filed.

## II.  *OBJECTION TO THE PF&R*

Movant objects to the magistrate judge's PF&R in two respects. He argues that the magistrate judge erroneously recommended that this Court deny his Motion to Revive and Motion for Summary Judgment. Movant directs no objections to the magistrate judge's recommendation that this Court deny his Rule 60(b) motion. Each properly raised objection will be discussed in turn.

### A.  *Motion to Revive*

The Motion to Revive asks the Court to renew Movant's Motion for Exclusion of Audio Tape Recordings and Government's Transcript. The motion to exclude was made on March 28, 1997, in anticipation of Movant's trial. It was denied without prejudice as moot at a pretrial motions hearing held on April 1, 1997. Movant entered a guilty plea shortly thereafter, on April 14, 1997.

Citing *Tollet v. Henderson*, 411 U.S. 258 (1973), the magistrate judge found that Movant's voluntary guilty plea constituted a waiver of any antecedent constitutional infirmities. The Supreme Court held in *Tollet* that

> [w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea . . . .

*Id*. at 267. Movant counters in his objection that *Tollet* is inapposite because he entered conditional guilty plea. Instead, Movant relies *Lefkowitz v. Newsome*, 420 U.S. 283 (1975). In *Lefkowitz*, the Supreme Court identified an exception to the general rule in *Tollet*, holding that a defendant may raise the issue of constitutional infirmities subsequent to a guilty plea if he is permitted to enter a conditional plea. *See id*. at 289–90.

Contrary to the magistrate judge's assertion, Movant entered a conditional plea. The Plea Agreement executed by Movant on April 10, 1997 contains the following provision, titled "Appeal of Suppression Ruling:" "Pursuant to Rule(11)(a)(2), Federal Rules of Criminal Procedure, Mr. Avery reserves the right, on appeal from the judgment, to review the denial of his motion to suppress physical evidence." (Plea Agm't ¶ 9.) The magistrate judge cannot be faulted for the error, however, because Movant did not state that he entered a conditional plea, nor did he cite *Lefkowitz*, in his Motion to Revive.

Notwithstanding the fact that Movant entered a conditional guilty plea, his Motion to Revive is without merit. The express terms of his plea agreement gave him the right to challenge the denial of his motion to exclude the audio tape recordings *on appeal* in accordance with Rule 11(a)(2) of the Federal Rules of Criminal Procedure. Movant exercised this right by pursuing an unsuccessful appeal to the Court of Appeals for the Fourth Circuit shortly after his sentencing. *See United States*

*v. Avery*, 141 F.3d 1160 (4th Cir. 1998).[3] The instant action, a § 2255 proceeding, is a collateral attack by civil action on a prisoner's criminal conviction. It is not an appeal. "[T]he *only* avenue of review of the specified pretrial ruling permitted under a rule 11(a)(2) conditional plea is an appeal . . . . Relief via 28 U.S.C. § 2255 is not available for this purpose." Fed. R. Crim. P. 11 advisory committee's note to 1983 amendment (emphasis in original). Therefore, Movant's first objection is **OVERRULED**.

      B. *Motion for Summary Judgment*

The Motion for Summary Judgment seeks a favorable ruling on the Motion to Revive on the grounds that the government did not respond to the motion. As the magistrate judge noted, the government was not required to file a response. Furthermore, Movant objects to this recommendation only in a general and conclusory manner and fails to call the Court's attention to any specific errors in the PF&R. As a consequence, de novo review of the magistrate judge's recommendation that the Motion for Summary Judgment be denied is unnecessary. *See Orpiano*, 687 F.2d at 47; *Howard's Yellow Cabs, Inc. v. United States*, 987 F. Supp. 469, 474 (W.D.N.C. 1997). Accordingly, Movant's second objection is **OVERRULED**.

### III. *MOTION TO WITHDRAW GUILTY PLEA*

In his motion to withdraw his guilty plea, Movant avers that "he is actually innocent of the offense(s) charged in the indictment and that the plea of 'Guilty' was entered improvidently, without understanding the effect of the plea, and or of his rights." (Mot. Withdrawal Guilty Plea.)

---

[3] Movant filed a second notice of appeal on July 25, 2000. He voluntarily dismissed this appeal on November 8, 2000.

After sentencing, a guilty plea may be withdrawn only on direct appeal or pursuant to a § 2255 motion. *See United States v. Davis*, 954 F.2d 182, 184 (4th Cir. 1992). A second or successive § 2255 motion will be entertained only if it has been certified by a panel of the court of appeals in accordance with 28 U.S.C. § 2244. *See* 28 U.S.C. § 2255(h). A motion may be construed as a successive § 2255 motion even though it is not styled as such. The "relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application." *See United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003).

Movant's initial § 2255 motion was denied on July 6, 1999. He filed a second motion on June 2, 2001, and a third on June 24, 2002. Neither of the successive motions was certified by the Court of Appeals. The issue presented in Movant's motion to withdraw his guilty plea has not been raised previously and it constitutes an attack on his conviction. Thus, it is properly characterized as a fourth successive § 2255 motion. No certificate has issued from the Court of Appeals permitting the motion. For this reason, the motion to withdraw [Docket 155], it is **DENIED**.

IV. *CONCLUSION*

For the reasons stated above, the Court **ADOPTS** the recommendations contained in the PF&R and **DENIES** Movant's Motion for the District Court to Revive a Procedural Component of the Due Process Clause [Dockets 140, 148]; Motion for Summary Judgment [Docket 142]; and Letter-form Motion to Set Aside Judgment under Fed. R. Civ. P. 60(b)(6) [Docket 149]. Movant's Letter-form Motion to Extend Time to File [Docket 152] is **GRANTED**. The Motion for Withdrawal of Guilty Plea [Docket 155] is **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record, Movant, and Magistrate Judge Stanley.

ENTER: November 13, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE